4. Johnson v. Meyers He's going to be remote. Yes. Mr. Jacobsen, we have you. Hello. We have you. OK. Mr. Dunham, please proceed. Thank you, Your Honor. May it please the court, my name's Darrell Dunham. I'm representing the estate of Philip Osborne. His secretary is his wife, Phynelophi Johnson. Facts are very brief. There was a, defendant Meyers was the Illinois State Police doing, working narcotics detail. And it was, I think, six to eight controlled buys with a confidential source that were videotaped. There was the, defendant Meyers issued an affidavit on which the circuit court relied, and an arrest warrant was issued for Mr. Philip Osborne's arrest. It took about a year and a half before they found him in Marion, and he was arrested. And from the very beginning, he took the position that you've got the wrong person. Eventually, the circuit, the state's attorney concluded that they did, because they dismissed the charges. Now, Mr. Meyers still contends, at least at the time of the deposition, that he had talked with the confidential source, had talked with the sheriff, had actually looked at a photograph of my client that he obtained from the Secretary of State's office. And in fact, the video surveillance and the photograph was one and the same person. Of course, my client, Ms. Johnson, said it can't be the same person. Let's follow up on that, Mr. Dunham, because the photograph's not in the record. And at one point in one of the depositions, I think someone has asked, can you produce a copy? And an affirmative response is given, but there's never any follow-up such that the photograph was produced, was there? If you're referring to the Secretary of State's photograph, that is correct, Your Honor. And that's essentially our position in this case. Somehow, I think the government, the defendant, is taking the position that those cases that say you can rely on hearsay evidence in terms of procuring an arrest warrant, or you can rely on hearsay evidence in order to get a search warrant, are germane to the facts of this case. And they're just not. This is a civil suit where we're charging under Section 1983 that Mr. Myers did not have probable cause to affect this arrest. The problem for you is that the judge who issued the warrant found otherwise. Your brief doesn't seriously explain how your position can be reconciled with, not simply the warrant, but the doctrine that the decision of the issuing judge is entitled to great deference. It's not something that gets retried in later litigation. Your Honor. Why isn't the warrant the end of this case? I don't believe so, Your Honor. I talk about that at great length in my reply brief. And basically, what- Normally, you have to raise issues in your opening brief, not your reply brief. But go ahead. The holding of the Supreme Court, and of this court, is that a warrant is entitled to great deference and is not retried to a jury. That's the doctrine that I wonder if there is any way around. I think there- Your Honor, I think there's- My understanding of the law is, for example, if there had been an actual trial on the merits- No. A warrant is issued ex parte. The doctrine is that the warrant gets great deference and will not be retried de novo by another judge or by a jury. That's the legal doctrine. The question I'm asking you is, how is your position reconcilable with that doctrine? Your Honor, I take the position in my reply brief, Your Honor, that virtually all of the cases cited by the defendant are very consistent with what you've just said. When you've got a neutral magistrate, you've got a judge, the issue's a warrant, you cannot retry that warrant, and you cannot go out, and in most instances, although there are exceptions to it, where there hasn't been an investigation or there may have been misleading, the arresting officer has misled the court, there are exceptions to that, but that's not this case. We're not trying to say, we're not going back into the state court and trying to coerce this arrest warrant. That's the problem, though, right? To pursue your claim, you have to show that the officer did not have probable cause or an arrest warrant based on probable cause for the arrest, right? That is correct, Your Honor. Okay, so we focus, then, on the information that the officer had and that the judge had, correct? You focused on the information that the officer had, Your Honor. Well, what he's got is a warrant, right? When you say he, you mean the officer. Yes. Yes. He's got a warrant. So I guess I'm at the risk of repeating the question. I don't understand how you can proceed in your civil case beyond the issuance of the warrant unless you can find some way to undermine the validity of its issuance based on the information presented to the judge. It is our position, Your Honor, that the officer did not have probable cause to swear out the warrant and get my client arrested. Yes, but the questions you're getting say that's not the right question. The warrant issued, it's entitled to great deference. There's another way of putting it. The Supreme Court put it in Malley v. Briggs that the warrant is conclusive in the civil case unless any reasonable officer would have known that the warrant was invalid. Would every reasonable officer have known that this warrant was invalid just by staring at it? Your Honor, every reasonable officer that was possessed with the information that Mr. Myers had would have known it was invalid. That's not the question from Malley v. Briggs. Well, I must confess I'm not familiar with that case. I have cited several cases in my reply brief that indicate that the warrant is not an immutable barrier to bringing a 1983 action against a police officer for an unreasonable arrest. And they say, for example, in this case, for example, the officer claimed that in his testimony, in his affidavit, that he actually looked at a photograph of my client. He didn't put that in his affidavit. Now, perhaps. What is in the affidavit filed in the litigation is irrelevant. We're telling you that in several different ways. What matters is what was in the affidavit for the warrant and whether any reasonable officer staring at that affidavit would have known there was no probable cause. Your Honor. That's the way of putting it in Malley. Your Honor, I just must respectfully disagree. Well, then you're disagreeing with the Supreme Court of the United States. I don't, I do not, I've cited several cases in my reply brief, including cases from this court, indicating that the simple fact that the district, the circuit judge issued a warrant for my client's arrest, which and I'm not, never have contended that the district, the secret circuit clerk did anything, circuit judge did anything wrong based on the information that the circuit court had the issuance of the warrant was valid with it. The problem is, is that Mr. Myers never should have procured that, should never have sworn out that warrant and should never have procured my client's arrest. Why? Because he had in his possession a photograph which he claims is the same as my client. However, it's not. For purposes of summary judgment, it could not be. The only light and the only comparison between the photograph that he looked at from the Secretary of State's office in the surveillance video is it's the same sex and the same race. The man in the surveillance video was 20 years old. My client is 50, in excess of 50 years old. He was wearing, he had a cane. The man in the surveillance video was very agile in terms of feet and Myers knew this and he did not put that in his arrest warrant and he procured my client's arrest. The Clipper case, which I talk about, it's out of Fourth District, exactly, I think, is a very similar case where what happened in that case, the plaintiff was arrested, was wrongfully arrested, spent three or four days in jail. In the 1983 action, the jury awarded $300,000 because the investigation was flawed. The officer should have looked at the bank surveillance video, which he did not and so the qualified immunity claims were defeated and the court and the civil action said that the officer did not have probable cause. I would welcome, Your Honor, the opportunity, if you feel that I've misstated the law. If we need further briefing, we will issue an appropriate order. Okay. Thank you, Mr. Dunham. Thank you, Your Honor. Mr. Jacobson. Thank you and may it please the court, Assistant Attorney General Ben Jacobson on behalf of Defendant Appley, Sean Myers. I think, Your Honor, Judges Easterbrook and Hamilton kind of got to the key issue here with the existence of the arrest warrant creating a presumption that there is probable cause and of course, as my colleague indicated, that presumption can be overcome, but in order to do so, the plaintiff, the arrestee has to come forward with affirmative evidence indicating either that, as Judge Easterbrook said, the no reasonable officer would believe that- It's not something I said. It's something the Supreme Court held in Malley against Briggs. Yes, Your Honor. As the Supreme Court held in Malley and as this court has reiterated, no reasonable officer would think that there were indicia of probable cause. There's also the separate exception where there's evidence, affirmative evidence, that the officer has lied, withheld information or otherwise proceeded with reckless disregard for the truth. And here there simply is no indication that either of those situations apply. The warrant was, or the arrest warrant was based on the affidavits sworn out by Officer Myers. It's a longstanding, uncontroversial that judges can rely on officers from, or affidavits from officers in issuing their arrest warrants. And the only evidence that Johnson puts forward to try and indicate that Officer Myers lied or otherwise withheld information is to implicitly argue in the reply brief that because we have to take her affidavit as true that Officer Myers must have known that the person in the photo, the decedent here, was not the dealer in the surveillance videos, but her affidavit only tells us her subjective belief about what the video showed several years after the fact that Officer Myers swore out his warrant affidavit. But as indicated earlier, the only relevant information here is what Officer Myers was aware of at the time. And I just wanted to hit a couple of points of clarification. My colleague referred to the statements in the affidavit that he has referred to as hearsay or violating the best evidence rule. And as this court indicated in Wheeler v. Fernopolis, statements by an officer swearing out information that they knew at the time are not hearsay because they go to what the officer was aware of at the time, even when it's a statement that was made by a confidential informant and by the same token, it would not violate the best evidence rule. Then there was some discussion of subjectivity and objectivity. And I think that conflates a couple of the issues here. Everyone agrees that probable cause is an objective inquiry. What objectively was it reasonable for the officer to have believed that he had probable cause, but it's based on what he or she was subjectively aware of at the time. The subjective facts that are relevant in this inquiry as the Supreme Court indicated in Ren v. United States are the intent of the officer, whether they used probable cause as a pretext to for some other purpose. So the subjective information that the officer is aware of is kind of the crux of the inquiry here. And then it is appropriate to cite probable cause determinations in criminal cases. In the civil context here, the inquiry is the same. Did the officer have probable cause? And if you look at the cases cited in both briefs, the civil cases in both briefs, the court cites two criminal decisions addressing probable cause. So then unless this court has any further questions, we will rest on our brief and ask that this court affirm the district court's grant of summary judgment. Seeing none. Thank you very much. The case is taken under advisement.